UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARION GIPSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )  No. 1:24-CV-00026 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of Darion Gipson's letter, which was received by the Court on February 12, 2024. [ECF No. 1]. The letter indicates an intent to seek relief from judgment pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022), which the Court construes as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court will deny the motion without prejudice as an unauthorized second or successive motion under 28 U.S.C. § 2255, and this action will be dismissed.

**Background**

On April 19, 2016, movant pled guilty to Interference with Commerce by Threat or Violence and Possession of a Firearm in Furtherance of a Crime of Violence. *United States v. Gipson*, No. 1:16-CR-6-SNLJ (E.D. Mo.). On July 26, 2016, the Court sentenced movant to 154 months' imprisonment. He did not file an appeal of his conviction or sentence.

On April 9, 2018, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Gipson v. United States*, 1:18-CV-80-SNLJ (E.D. Mo.). The motion to vacate was dismissed as untimely on April 30, 2018. Movant did not appeal the dismissal of his motion to vacate.

On March 17, 2020, movant filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Gipson v. United States*, 1:20-CV-55-SNLJ (E.D. Mo.). He alleged he was innocent of the crime for which he was convicted. The Court denied the motion as successive and dismissed the action because movant did not petition the Eighth Circuit Court of Appeals for the ability to file a second or successive motion to vacate. *See* 28 U.S.C. § 2244(a) and § 2255(h) (district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals).

On June 8, 2020, movant filed a third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Gipson v. United States*, 1:20-CV-126-SNLJ (E.D. Mo.). He alleged the Court erred by not providing him with a downward departure sentence reduction at sentencing because he is bipolar, failed to send him to mental health court, and his trial attorney provided him with ineffective assistance of counsel. Because movant did not certify his petition by the Court of Appeals for the Eighth Circuit, the Court denied and dismissed the motion for the same reason as explained in *Gipson v. United States*, 1:20-CV-55-SNLJ (E.D. Mo.).[1] Movant subsequently sought authorization to file a successive petition, which was denied by the Court of Appeals for the Eighth Circuit. *Gipson v. United States*, No. 20-2434 (8th Cir. 2020). The mandate was issued on September 30, 2020.

On September 12, 2022, the Court received a letter from the movant, which was filed in his criminal case. *See United States v. Gipson*, No. 1:16-CR-6-SNLJ (E.D. Mo.), ECF No. 156. Movant wrote, "I[']m writing you[] about a Supreme Court ruling on the *Taylor* case . . . I believe I have a *Taylor* claim so I[']m tryin[g] to get my case reviewed." *Id.* The Court construed the letter

---

[1] Movant also cited to the First Step Act as another basis for a sentence reduction. The Court explained that movant's conviction is not the type covered by the First Step Act.

as a motion for relief from judgment, administratively terminated the motion, and opened a civil action under 28 U.S.C. § 2255. *Id.*, ECF No. 157; *see also Gipson v. United States*, No. 1:22-CV-120 SNLJ (E.D.Mo.). Although the Court denied movant's motion for relief as successive on September 20, 2022, the Court ordered that movant's motion to vacate be transferred to the Eighth Circuit Court of Appeals to obtain authorization to file a successive § 2255. *Id*. On November 15, 2022, movant's motion to file a successive motion to vacate was denied by the Court of Appeals. *See Gipson v. United States,* No. 22-2977 (8th Cir. 2022).

Movant filed the instant letter seeking relief for his conviction under a "new change in law" on February 12, 2024. The Court construes movant's letter as one seeking relief from judgment pursuant to *United States v. Taylor*, 142 S. Ct. 2015 (2022), pursuant to 28 U.S.C. § 2255.

### Discussion

The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the United States Court of Appeals for the Eighth Circuit.

According to 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the motion, and for the reasons discussed below, movant's § 2255 motion must be denied and dismissed as successive.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

There is no indication that movant has sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the motion to vacate.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

4

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED and DISMISSED**, without prejudice, because movant did not obtain the required authorization from the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of February, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE